IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ZACH RUSK,<br><br>     Plaintiff,<br><br>v.<br><br>TIMOTHY TYMKOVICH,<br><br>     Defendant. | MEMORANDUM DECISION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT<br><br><br><br>Case No. 1:17-CV-156 TS<br><br>District Judge Ted Stewart |

This matter is before the Court for review of Plaintiff's *pro se* Complaint. Plaintiff also filed a Motion for Alternative Service of Process. For the reasons discussed below, the Court denies Plaintiff's Motion and dismisses the Complaint.

## I.   STANDARD OF REVIEW

Plaintiff filed his Complaint after receiving permission to proceed *in forma pauperis*. Under the *in forma pauperis* statute, the Court shall, at any time, *sua sponte* dismiss a case if the Court determines the action "is frivolous or malicious[,] fails to state a claim upon which relief can be granted[,] or seeks monetary relief against defendant who is immune from such relief."[1]

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[2] "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the

---

[1] 28 U.S.C. § 1915(e)(2)(B)(i–iii).
[2] *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999).

plaintiff."[3] Because Plaintiff is proceeding *pro se*, the Court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers.[4] However, "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[5]

## II.    DISCUSSION

On July 17, 2017, the Tenth Circuit Court of Appeals affirmed the dismissal of a complaint filed by Plaintiff against the Honorable Paul Warner, Chief Magistrate Judge of the U.S. District Court for the District of Utah.[6] The Honorable Timothy Tymkovich, Chief Judge of the Tenth Circuit of the United States Court of Appeals was among the three judges who affirmed the dismissal. Plaintiff's Complaint against Judge Tymkovich stems from that decision, so the Court must determine whether judicial immunity applies to Judge Tymkovich in this case.

"Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages."[7]

> Although unfairness and injustice to a litigant may result on occasion, "it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself."[8]

Judicial immunity is complete immunity from suit and is not "overcome by allegations of bad faith or malice"[9] or corruption.[10] Rather, "the immunity is overcome in only two sets of

---

[3] *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).
[4] *Id.* at 1110.
[5] *Id.*
[6] See Docket No. 3, at 53.
[7] *Mireles v. Waco*, 502 U.S. 9, 11 (1991).
[8] *Id.* at 10 (quoting *Bradley v. Fisher*, 13 Wall. 335, 347 (1872)).
[9] *Id.* at 11 (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

circumstances:" when a judge acts outside the judge's judicial capacity or takes judicial action in absence of all jurisdiction.[11]

Acts outside a judge's judicial capacity are those not "normally performed by a judge," and those where a party does not believe the party is dealing with a judge in the judge's judicial capacity.[12]

In the present case, Plaintiff asserts two causes of action against Judge Tymkovich, including "Intentional Tortuous [sic] Interference with Infliction of Emotional Distress" and "Abuse of Process." Plaintiff supports these allegations with the argument that Judge "Tymkovich[] failed to consider facts and inferences of complainant[']s complaint and appeal of the complaint[']s dismissal against Paul Warner."[13] Plaintiff also argues that immunity does not apply "[s]ince both treason[, by way of acting without jurisdiction,] and the interference with interstate commerce are criminal acts, [and] no judge has immunity to engage in such acts."[14]

Despite these arguments, Plaintiff's Complaint fails to provide sufficient facts to support his causes of action or to show that Judge Tymkovich acted outside of his judicial capacity or took judicial action in absence of jurisdiction. In fact, the Complaint contains very few allegations or statements relating to Judge Tymkovich and instead focuses mostly on prior grievances against Judge Warner.

Therefore, the Court finds that Judge Tymkovich is absolutely immune from suit in this case and the Court will dismiss the Complaint as Plaintiff cannot prevail on the facts he has

---

[10] *See id.*
[11] *Id.* at 11–12.
[12] *Id.* at 12.
[13] Docket No. 3, at 21.
[14] Docket No. 3, at 5.

alleged and it would be futile to give him an opportunity to amend. In light of this dismissal,

Plaintiff's Motion for Alternative Service of Process is also denied as service of process is no

longer required.

### III.    CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Alternative Service of Process (Docket No. 4) is

DENIED. It is further ORDERED that Plaintiff's Complaint is DISMISSED WITH

PREJUDICE.

DATED this 11th day of December, 2017.


BY THE COURT:


Judge Stewart
United States District Judge